UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-113-DJH

**STATE AUTO PROPERTY & CASUALTY**
**INSURANCE COMPANY**

                                                    **Plaintiff,**

v.

**BURNS ENTERPRISES, INC.,** *et al.***,**

                                                    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Defendants, Burns Enterprises, Inc., Burns Packaging Company, Inc., Tommie Burns, Barbara Burns, Burns Chemical and Supply Company, Inc., and TW&A of South Carolina, Inc. ("the Burns Entities") sustained water damage to their property after a pipe burst. The Burns Entities held an insurance policy with Plaintiff, State Auto Property & Casualty Insurance Company ("State Auto"), and filed a claim after the water damage occurred. Upon receiving the claim, State Auto found numerous liens and mortgages on the Burns Entities' property. As a result, State Auto filed an interpleader action against the Burns Entities and other Defendants to avoid being subject to double liability. The Burns Entities then filed a counterclaim against State Auto for bad faith. In response, State Auto filed a motion to bifurcate the interpleader and bad faith actions. (Docket No. 52.) The Burns Entities do not object to this motion. Because the motion is unopposed and bifurcation will serve the interest of judicial efficiency, the Court will grant the motion.

    **I.**    **STANDARD**

A court may bifurcate "one or more separate issues, claims, cross-claims, counter claims, or third party claims" in order to "avoid prejudice or to expedite and economize." Fed. R. Civ. P. 42(b). The burden of proof rests with the moving party to establish that the issues are more

appropriately adjudicated separately. *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054-R, 2011 WL 6012554, at *2 (W.D. Ky. Dec. 1, 2011). In analyzing such a motion, the court has broad discretion and may consider all relevant facts. *In re Benedictan Litig.*, 857 F.2d 290, 307 (6th Cir. 1988).

## II.  DISCUSSION

Courts frequently bifurcate claims for breach of contract and bad faith against insurance companies, as deciding the first claim may obviate the need to litigate the second. *Bruckner v. Sentinel Ins. Co., LTD*, No. 09-CV-195-JBC, 2011 WL 589911, at *1 (E.D. Ky. Feb. 10, 2011); *see also Smith v. Allstate*, 403 F.3d 401, 407 (6th Cir. 2005). *But see Tharpe v. Ill. Nat'l Ins. Co.*, 199 F.R.D. 213, 215 (W.D. Ky. 2001) (in which the court denied a motion to bifurcate because there were only two litigants and the "usual considerations which militate in favor of bifurcation [were] absent"). Although the original complaint in the present case was actually filed by the insurance company in interpleader, resolution of this claim may still be dispositive for the entire case if it is determined that the Burns Entities is not entitled to any portion of the insurance payment. Therefore, adjudicating the interpleader claim first could save time and resources. Additionally, including the remaining Defendants in discovery and trial for the bad faith claim, which they have no part in, would be inefficient. For these reasons, the interpleader and bad faith claims should be tried—and discovery should be conducted—separately.

Accordingly,

IT IS HEREBY ORDERED that State Auto's Motion to Bifurcate (DN52) is GRANTED. Discovery on the bad faith claim by the Burns Entities against State Auto is stayed until after the resolution of the interpleader action.

cc:  Counsel of record