UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-113-DJH-CHL

**STATE AUTO PROPERTY &
CASUALTY INS. CO.**                                                                                        **Plaintiff,**

v.

**BURNS ENTERPRISES, INC., et al.,**                                                           **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court is a "Motion of Plaintiff for Order Directing Payment of Policy Proceeds into Court Registry" (the "Motion") (DN 81) filed by plaintiff State Auto Property & Casualty Insurance Company ("State Auto") on January 27, 2016. On February 17, 2016, defendant Wells Enterprizes, LLC d/b/a ServPro of East Louisville/St. Matthews ("ServPro") filed a limited objection (DN 82) to the Motion, but on March 4, 2016 jointly filed an agreed stipulation (DN 83) with State Auto that resolved the objection. On March 7, 2016, defendants Burns Enterprises, Inc., Burns Packaging Company, Inc., Burns Chemical & Supply Co., Inc. (collectively, the "Burns Entities"), Tommie Burns, Barbara Burns, and T&WA of South Carolina, Inc. (T&WA) filed what was coined an objection (DN 85) to the proposed agreed stipulation; on March 23, 2016, State Auto filed a response (DN 86) to the objection filed by the Burns Entities, Tommie Burns, Barbara Burns, and T&WA. On March 29, 2016, the Burns Entities, Tommie Burns, Barbara Burns, and T&WA filed a reply (DN 87) to State Auto's response.

For the reasons discussed below, the Motion is GRANTED IN PART and DENIED IN PART.

1

I.  **BACKGROUND**

According to the complaint, the Burns Entities, Tommie Burns, and Barbara Burns were the named insureds on a policy of insurance issued by State Auto for policy period May 24, 2013 through May 24, 2014.  (DN 1, pp. 3, 5.)  On or about January 8, 2014, the Burns Entities' property located at 1631 West Hill Street, Louisville, Kentucky sustained water damage after a frozen pipe burst.  (*Id*. at 5.)  As a result of the damage, the Burns Entities made a claim under the insurance policy issued by State Auto.  (*Id*. at 6.)

Upon investigating the claim, State Auto discovered a number of liens and mortgages on the subject property.  (*Id*.)  Because the various holders of the liens and mortgages on the subject property may be entitled to some of the proceeds of the insurance claim, State Auto filed its Interpleader Complaint.  (*Id*. at 9.)[1]

State Auto concedes that it owes $117,843.75 for remediation performed following the loss at the subject property.  (*Id*. at 9; DN 81, p. 2.)  $103,568.06 is the actual cash value of the loss subject to a $2,000.00 deductible.  (DN 81, p. 2.)  The policy proceeds, which total $219,411.81, are currently being held by State Auto.  (*Id*. at 2-3.)

In its Motion, State Auto requests that (1) the Court enter an order directing payment of policy proceeds into the Court Registry pursuant to Rule 67(a) of the Federal Rules of Civil Procedure; (2) the Court award State Auto reasonable attorney's fees because it is a disinterested plaintiff that brought a necessary interpleader action as a "mere stakeholder" (*Id*. at 5 [citing *USAA Life Ins. Co. v. Space*, 3:14-cv-661-TBR, 2015 WL 3407323, at *5 (W.D. Ky. May 22,

---

[1] State Auto asserts that the following defendants are currently demanding proper distribution of the insurance proceeds:  (1) Commonwealth of Kentucky, Department of Revenue by and through Louisville-Jefferson County Metro Government; (2) the Burns Entities; (3) Tommie Burns and Barbara Burns; (4) T&WA; (5) Metro Bank, Inc.; (6) ServPro; and (7) the United States of America – Internal Revenue Service. (DN 81, p. 4.)

2015)]); (3) that each defendant be barred from instituting any action against State Auto for recovery under the policy; and (4) that State Auto be discharged from this action. (*Id*. at 5-6.)

Although ServPro initially objected to the Motion to the extent that it sought attorney's fees and a discharge of State Auto from this action, State Auto and ServPro later filed a proposed agreed stipulation (DN 83).  In the proposed agreed stipulation, Serve Pro and State Auto noted that ServPro was the only defendant to file a response or objection to the Motion; State Auto and Serv Pro also agreed as follows:

1. ServPro agrees to voluntarily dismiss its counterclaim against State Auto, including Counts V and VI of "Counterclaims and Cross-Claims of ServPro";

2. State Auto agrees to waive its request for attorneys' fees expended in bringing this action;

3. ServPro and State Auto agree to waive any and all claims each may have against one another, arising of the subject matter of the Interpleader Complaint, known and unknown, with the one exception being ServPro will remain a Defendant to this Interpleader action to assert any interest(s) it may have to the Policy Proceeds;

4. State Auto will be permitted to be discharged from this Interpleader action following its payment of the Policy Proceeds into the Court Registry;

5. Following State Auto's discharge from this Interpleader action, State Auto will not take any position adverse to ServPro in this Interpleader action; and

6. State Auto shall tender a new order in accordance with this Agreed Order to be entered by this Court granting in part State Auto's Motion.

(*Id*. at 2-3.)  State Auto also tendered a proposed order (DN 84) addressing the deposit of funds and discharging it from this action.

On March 7, 2016, the Burns Entities, Tommie Burns, Barbara Burns, and T&WA filed an objection (DN 86) to the proposed agreed stipulation (DN 83) and proposed order (DN 84), stating that they objected to the proposed agreed stipulation and proposed order to the extent they

3

intended to dismiss State Auto fully from this action; they further stated that the bad faith action filed by them had been stayed by the Court.

On March 23, 2016, State Auto filed a response (DN 86) to the objection filed by the Burns Entities, Tommie Burns, Barbara Burns, and T&WA. State Auto argued that the objection filed by the Burns Entities, Tommie Burns, Barbara Burns, and T&WA was actually an objection to the Motion and was therefore untimely filed as any responses to the Motion were due February 22, 2016. Furthermore, State Auto asserted that it had engaged in significant settlement negotiations with ServPro based upon the fact that only ServPro had objected to the Motion.

On March 29, 2016, the Burns Entities, Tommie Burns, Barbara Burns, and T&WA filed a reply (DN 87), stating that it did not occur to counsel that State Auto would seek full dismissal of the lawsuit, as well as the stayed bad-faith action, due to the mere payment of insurance proceeds to the Court. Counsel for Burns Entities, Tommie Burns, Barbara Burns, and T&WA stated that he "misread the intentions of [State Auto] which became only too apparent when reading [State Auto's] Response. Assuming the objection was filed untimely, in the interest of justice the Court should not allow dismissal of the bad faith claim." (DN 87, pp. 1-2.)

## II.  DISCUSSION

Rule 67(a) states, "If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit." Fed. R. Civ. P. 67(a). Based on the various filings by the parties, there is no

objection to an order directing payment of policy proceeds by State Auto into the Court Registry pursuant to Rule 67. (*See* DN 83, DN 85 [objecting to the proposed agreed stipulation and order only to the extent that they seek to dismiss the bad faith claims].) Therefore, the Court will grant the Motion insofar as it requests that $219,411.81 be deposited by State Auto into the Court Registry. However, the undersigned does not have the authority to dismiss State Auto from this action. Although a magistrate judge may be designated to propose findings of fact and recommendations for disposition of an action, a magistrate judge may not "involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). Consequently, to the extent the Motion seeks dismissal of any claim or party, the undersigned magistrate judge declines to make any such ruling.

Finally, although it appears that State Auto has abandoned its request for attorney's fees. (*see* DN 83), the Court nonetheless finds that an award of attorney's fees is not appropriate at this juncture.[2] For one, State Auto does not identify the amount of attorney's fees it has requested, the work done to justify the fees requested, or the reasonableness of any such fees. Moreover, although the general rule is that "a stakeholder, who brings the nonstatutory equity interpleader bill, is entitled to reasonable attorney's fees, as well as other costs," there are exceptions to this rule. *See Mut. Life Ins. Co. of New York v. Bondurant*, 27 F.2d 464, 465 (6th

---

[2] It is not clear whether an award of attorney's fees in this instance would require a report and recommendation from the undersigned magistrate judge. *See Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d 1154, 1160 (N.D. Cal. 2012) ("A motion for attorneys' fees may be referred to a magistrate judge for findings and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B)."); *Cont'l Bank, N.A. v. Everett*, 861 F. Supp. 642, 643 (N.D. Ill. 1994) ("A petition for attorneys' fees is not one of the enumerated duties assignable to a magistrate judge under the statute determining their jurisdiction, instead falling under the statute's catch all provision for 'such additional duties as are not inconsistent with the Constitution and laws of the United States.'") (quoting, in part, 28 U.S.C. § 636(b)(3)); *cf. Allianz Life Ins. v. Agorio*, 852 F. Supp. 2d 1163, 1171 (N.D. Cal. 2012) (attorney's fees awarded by magistrate judge to interpleader plaintiff). This appears to be a non-issue as the undersigned has concluded that an attorney's fees award is not appropriate at this time.

Cir. 1928). Courts have relied upon three theories to exclude insurance companies from the general rule. *Space*, No. 3:14-CV-00661-TBR, 2015 WL 3407323, at *5. "First, courts have reasoned that insurance companies should not be compensated simply because conflicting claims have arisen during the normal course of business." *Id.* (citing *Unum Life Ins. Co. of American v. Kelling,* 170 F. Supp. 2d 792, 794 (M.D. Tenn. 2001)). "Second, courts have denied attorney fees because insurance companies are necessarily interested stakeholders, as filing the interpleader action ensures that the company will not incur further liability under the contested policy." *Id.* (citing *Kelling,* 170 F. Supp. 2d at 794–95). Third, "courts have relied upon the policy argument that awarding attorney fees 'would senselessly deplete the fund that is the subject of preservation through interpleader.'" *Id.* (citing *Kelling*, 170 F. Supp. 2d at 795). Whether a court should allow a party who commences an interpleader action to recover its attorney's fees and costs of the action is a matter committed to judicial discretion and is rarely awarded as a matter of course. *Kelling*, 170 F. Supp. 2d at 794 (citing *Paul Revere Life Ins. Co. v. Riddle*, 222 F. Supp. 867, 868 (E.D. Tenn. 1963)).

At least two of the three factors considered in *Space* are present here, *i.e.*, this appears to be a situation where conflicting claims have arisen in the ordinary course of business, and State Auto is a necessarily interested stakeholder as it filed this action to avoid incurring further liability under the policy. Moreover, a bad faith claim has been asserted against State Auto by the Burns Entities, Tommie Burns, Barbara Burns, and T&WA. Consequently, the Court finds that an award of attorney's fees is not appropriate. *See, e.g.*, *Am. Gen. Life Ins. Co. v. Estate of Cook*, No. 3:08-CV-204-R, 2009 WL 2447937, at *1 (W.D. Ky. Aug. 7, 2009) ("[T]he Court finds that Plaintiff is not entitled to an attorney's fee award at this time. The filing of the

6

interpleader action provided legal certainty to Plaintiff and was simply part of the cost of doing business. This is the type of cost Plaintiff can reasonably expect to incur. For these reasons, the Court denies Plaintiff's Motion for Attorney's Fees and Costs.").

### III. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion (DN 81) is GRANTED IN PART and DENIED IN PART.

The Motion is GRANTED insofar as it requests that State Auto be ordered to deposit $219,411.81 into the Court Registry.

IT IS ORDERED that within **ten (10) days** of entry of this order, State Auto deliver to the Clerk of Court for the Western District of Kentucky a payment of Two Hundred Nineteen Thousand Four Hundred Eleven Dollars and 81/100 ($219,411.81) representing the insurance policy proceeds available pursuant to insurance policy bearing policy number SPP2492516. The Clerk is authorized to accept this sum from State Auto and to deposit these funds into the Court Registry where the funds shall remain pending further order of the Court.

The Motion is DENIED insofar as it requests that (1) State Auto (or any claim against State Auto) be dismissed from this action; and (2) State Auto be awarded attorney's fees.

cc: Counsel of record